IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE NEGRETE,

       Plaintiff,

vs.                                                                             No. CIV 06-0338 JB/LFG

MALOOF DISTRIBUTING L.L.C.,
A New Mexico Limited Liability Company,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss, filed May 22, 2006 (Doc. 4). The primary issue is whether the Court lacks subject-matter jurisdiction over Plaintiff Jose Negrete's § 1981 claim because he did not exhaust administrative remedies before the Equal Employment Opportunity Commission ("EEOC"). Because Negrete did not need to exhaust administrative remedies to seek relief in federal court under § 1981, the Court will deny Defendant Maloof Distributing L.L.C.'s motion and Negrete's request for rule 11 sanctions.

**FACTUAL BACKGROUND**

Negrete is a former employee of Maloof Distributing. He alleges that Maloof Distributing discharged him from its business because he is Hispanic. See Complaint ¶¶ 23-24, at 4-5, filed April 26, 2006 (Doc. 1). Maloof Distributing contends that Negrete's discharge was based solely on substantiated evidence that he had stolen beer while tasked with delivering it. See Defendant's Reply Memorandum to Plaintiff's Response at 3, filed June 14, 2006 (Doc. 8)("Defendant's Reply"). Negrete argues this discharge was a form of intentional discrimination entitling him to relief under

1

42 U.S.C. § 1981.  See Complaint ¶ 24, at 4-5.

## **PROCEDURAL BACKGROUND**

Negrete filed his Complaint on April 26, 2006, alleging violations of 42 U.S.C. § 1981, breach of implied contract, and prima facie tort.  See id. at ¶¶ 20-37, at 4-6.  Negrete's Complaint does not present any factual assertion that he has filed a complaint with the EEOC or with the New Mexico Department of Labor, Human Rights Division.  See Complaint.  Nor does Negrete allege that he received a right-to-sue letter from the EEOC or any similar state entity, as 42 U.S.C. § 2000e-5(f)(I) requires for statutory causes of action.[1]  See Complaint.

Maloof Distributing moves the Court to dismiss Negrete's Complaint for lack of subject-matter jurisdiction, arguing that he has not complied with 42 U.S.C § 2000e.  See Motion to Dismiss at 1, filed May 22, 2006 (Doc. 4).  Specifically, Negrete has not filed a charge with or obtained a right-to-sue letter from the EEOC.  See id.  Maloof Distributing further moves the Court to decline to exercise supplemental jurisdiction over Negrete's remaining claims.  See id.  Maloof Distributing states that, because of the nature of this motion, it did not seek Negrete's concurrence.  See id.

Before filing a response, Negrete's counsel requested that Maloof Distributing withdraw the motion.  See Plaintiff's Memorandum in Opposition to Defendant's Memorandum in Support of Motion to Dismiss at 3, filed June 5, 2006 (Doc. 7)("Plaintiffs Memo in Opposition").  Maloof Distributing has refused to withdraw this motion.  Negrete also denies the allegations in Maloof

---

[1] N.M. Stat. Ann. § 28-1-10(J) provides that a complainant may seek trial de novo in state district court in lieu of an administrative hearing if the complainant requests, in writing, a waiver of his or her right to a hearing.  If such waiver is not sought or granted, the complainant must exhaust administrative remedies before seeking to appeal to the state judiciary.  See N.M. Stat. Ann. § 28-1-13.  See Kelley v. City of Albuquerque, 375 F. Supp. 2d. 1183, 1210 (D.N.M. 2004)(Browning, J.); Sonntag v. Shaw, 2001-NMSC-015, ¶ 12, 130 N.M. 238, 243, 22 P.3d 1188, 1193 (2001).

Distributing's motion to dismiss.  See id. at 1-4.  Negrete asks the Court to require Maloof Distributing to pay the amount of $1,000.00 to his counsel as rule 11 sanctions for filing a frivolous motion.  See id. at 3.

## APPLICABLE LAW RELATED TO MOTIONS TO DISMISS UNDER RULE 12(b)(1)

In deciding a rule 12(b)(6) motion, all well-pled factual allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff.  See Stidham v. Peace Officers Standards & Training, 265 F.3d 1144, 1149 (10th Cir. 2001).  The Court is not bound, however, by conclusory allegations and legal conclusions.  See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994).  A rule 12(b)(6) motion should be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support his or her claims entitling the plaintiff to relief.  See Stidham v. Peace Officers Standards & Training, 265 F.3d at 1149.

## TITLE VII AND ITS EXHAUSTION REQUIREMENT

Title VII of the Civil Rights Act of 1964 prohibits an employer from "fail[ing] or refus[ing] to hire or . . . discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(I).  Direct evidence or an indirect burden-shifting method may be used to establish a case under Title VII for termination on the basis of race.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973); McCarthy v. Kemper Life Ins. Cos., 924 F.2d 683, 686 (7th Cir. 1991).  Under the McDonnell Douglas test, the plaintiff has the initial burden of making a prima facie showing of racial discrimination by demonstrating that: (i) the plaintiff belonged to a protected class; (ii) the plaintiff was qualified and satisfactorily performing the job; and (iii) the plaintiff was terminated under

3

circumstances giving rise to an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. at 802 (1973); Salguero v. City of Clovis, 366 F.3d 1168, 1175-76 (10th Cir. 2004). If the plaintiff meets that burden, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the termination that Title VII does not facially prohibit. See id. If the defendant satisfies that standard, the burden shifts back to the plaintiff to provide evidence that the defendant's proffered reasons are a pretext for racial discrimination. See id.

A plaintiff generally must exhaust his or her administrative remedies before pursuing a Title VII claim in federal court. See Khader v. Aspin, 1 F.3d 968, 970 (10th Cir. 1993). Exhaustion of administrative remedies is central to Title VII's statutory scheme, because it provides the EEOC with the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and of promoting conciliatory efforts. See Patterson v. McLean Credit Union, 491 U.S. 164, 180-181 (1989); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994). To exhaust administrative remedies, an individual claimant must: (i) first and timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge; and (ii) receive notice of the right to sue. See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999); 42 U.S.C. § 2000e-5(b), (c), (e), (f)(1). "[A] plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d at 1321. Once an individual receives notice of the right to sue, he or she has ninety days in which to file suit. See 42 U.S.C. § 2000e-5(f)(1).

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII."

Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996)(quotation omitted).  The filing of a timely charge of discrimination with the EEOC is a jurisdictional prerequisite to the institution of a lawsuit based on a claim of employment discrimination under Title VII.  See Keller v. Prince George's County, 827 F.2d 952, 956 (4th Cir. 1987); Romero v. Union Pac. R.R., 615 F.2d 1303, 1303 (10th Cir. 1980)(quoting Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974)).  Without such a filing, federal courts lack subject-matter jurisdiction to entertain Title VII claims, and a rule 12(b)(1) motion to dismiss is procedurally proper.  See Seymore v. Shawyer & Sons, Inc., 111 F.3d 794, 799 (10th Cir. 1997); Carmody v. SCI Colo. Funeral Servs., Inc., 76 F. Supp. 2d 1101, 1103-04 (D. Colo. 1999).

"[T]he remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct and independent."  Johnson v. Ry. Exp. Agency, Inc., 421 U.S. 454, 461 (1975); Keller v. Prince George's County, 827 F.2d at 956-57.  Title VII plaintiffs are limited to "backpay commencing not more than two years prior to the filing of a claim with the EEOC, reinstatement, and other affirmative relief as may be appropriate."  Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1443 (10th Cir. 1988)(citing Johnson v. Ry. Exp. Agency, Inc., 421 U.S. at 458).  See 42 U.S.C. § 2000e-5(g).  With the passage of the Civil Rights Act of 1991, plaintiffs in Title VII cases are also entitled to compensatory and punitive damages, but those damages are subject to a cap that is not applicable in § 1981 cases.  See O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1257 (10th Cir. 2001); 42 U.S.C. § 1981a.

Where conduct is covered by both § 1981 and by Title VII, the plaintiff is free to pursue a claim by bringing suit under § 1981 without resort to the statutory prerequisites under Title VII.  See Johnson v. Ry. Exp. Agency, Inc., 421 U.S. at 461; Keller v. Prince George's County, 827 F.2d at

5

956-57.

## ELEMENTS OF A § 1981 CLAIM

42 U.S.C. § 1981 generally protects employees from racial discrimination both in entering into an employment contract, and in enjoying the benefits, privileges, terms, and conditions of employment. See Exum v. U.S. Olympic Comm., 389 F.3d 1130, 1134 (10th Cir. 2004)(citing St. Francis College v. Al-Khazraji, 481 U.S. 604, 609 (1987); McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 295 (1976)). Section 1981 prohibits "discrimination in private employment on the basis of race." Johnson v. Ry. Exp. Agency, Inc., 421 U.S. at 459-60. While the remedies available to a plaintiff differ under § 1981 and Title VII, "[t]he elements of a plaintiff's case are the same ... whether that case is brought under § 1981 or Title VII." Salguero v. City of Clovis, 366 F.3d at 1175 (quoting Drake v. City of Fort Collins, 927 F.2d 1156, 1162 (10th Cir. 1991). See Patrick v. Williams Companies, Inc., 81 F.3d 173, *6 (10th Cir. 1996)("In racial discrimination suits, the elements of a plaintiff's case are the same under both Title VII and 1981."); Farmer v. Continental Ins. Co., 955 F.Supp. 970, 975 (N.D. Ill. 1997)("Claims under Title VII and § 1981 are analyzed in the same manner.")(quoting Bratton v. Roadway Package Sys., Inc., 77 F.3d 168, 176 (7th Cir. 1996)). To set forth the essential elements of a § 1981 or Title VII racial discrimination claim in a complaint, a plaintiff must allege that he or she experienced disparate treatment as a result of intentional discrimination on the part of the defendant – that (i) the defendant failed to hire, failed to promote, demoted, terminated, or constructively discharged the plaintiff and that (ii) the plaintiff's race was a determinative factor in the defendant's decision to carry out such action. See Goodman v. Lukens Steel Co., 777 F.2d 113, 135 (3d Cir. 1985) (stating that § 1981 requires a showing of intent to discriminate on the basis of race); Third Circuit Model Civil Jury Instructions, Instructions

for Employment Discrimination Claims Under Title VII & Instructions For Race Discrimination Claims Under 42 U.S.C. § 1981 (August 2006)("Third Circuit Instructions"), available at http://www.ca3.uscourts.gov/modeljuryinstructions.htm.

In contrast to Title VII, individuals who prove a violation of § 1981 can recover both compensatory and punitive damages, as well as back pay and lost benefits for an unlimited period of time. See Skinner v. Total Petroleum, Inc., 859 F.2d at 1439 (citing Johnson v. Ry. Exp. Agency, Inc., 421 U.S. at 460).

Claims under 42 U.S.C. § 1981 require invocation of jurisdiction under the general federal question statute, 28 U.S.C. § 1331. See Cabell v. Chavez-Salido, 454 U.S. 432, 434 n.4 (1982)(stating that district court correctly concluded the plaintiffs stated a claim under § 1981, with jurisdiction in the federal district court under § 1331). "If a party seeking to invoke federal jurisdiction asserts a substantial claim under [§ 1981], then this jurisdictional prerequisite is satisfied." Chasis v. Progress Mfg. Co., 382 F.2d 773, 776 (3d Cir. 1967)(citing Romero v. Int'l Term. Operating Co., 358 U.S. 354, 359 (1959)). See In re Mailman Steam Carpet Cleaning Corp., 196 F.3d 1, 5-6 (1st Cir. 1999)("Affirmative pleading of the precise statutory basis for federal subject matter jurisdiction is not required as long as a complaint alleges sufficient facts to establish jurisdiction."). In determining whether such a claim has been asserted, "jurisdiction may be established by reading a complaint holistically, even though the jurisdiction expressly asserted [is] improper." Id.

**SUPPLEMENTAL JURISDICTION**

28 U.S.C. § 1367 provides that the Court can assert supplemental jurisdiction over a plaintiff's state-law claims so long as it has original jurisdiction over at least one of the plaintiff's

other claims. The decision to exercise supplemental jurisdiction is within the Court's discretion. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988); Archuleta v. Lacuesta, 131 F.3d 1359, 1368 n.4 (10th Cir. 1997).

## ANALYSIS

Maloof Distributing contends that Negrete's Count I is "based" on Title VII and characterizes his Complaint as a "Title VII complaint." Defendant's Reply at 2. Maloof Distributing contends that, because Negrete has not filed a charge with or received a right-to-sue letter from the EEOC or any similar state entity, his failure to exhaust administrative remedies is fatal to his Title VII claim. See id. These exhaustion requirements for a Title VII actions do not, however, apply to § 1981, and therefore do not prevent the Court from having subject-matter jurisdiction over Negrete's § 1981 claim.

### I. MALOOF DISTRIBUTING DID NOT COMPLY WITH ITS OBLIGATIONS PURSUANT TO D.N.M.L.R.-Civ. 7.1(a).

Negrete contends that the Court should deny the Motion to Dismiss, because Maloof Distributing did not comply with D.N.M.L.R.-Civ. 7.1(a). See Plaintiff's Response to Motion to Dismiss at 1, filed June 5, 2006 (Doc. 6). That local rule provides that a "[m]ovant must determine whether a motion is opposed." D.N.M.L.R.-Civ. 7.1(a). Maloof Distributing contends that, because of the nature of its motion, it was relieved of complying with this rule. See Motion to Dismiss at 1. Maloof Distributing reads into the rule an exception that is not present. The rule requires a movant to contact opposing counsel before filling any motion, regardless of its nature. Maloof Distributing did not do so.

While it may seem logical to assume that a party will always oppose motions to dismiss and

for summary judgment, Maloof Distributing has nevertheless violated the Court's local rules. That noncompliance justifies summary denial of its motion. Because, however, the motion raises a jurisdictional issue, and because a federal court must satisfy itself that it has jurisdiction, the Court will proceed to decide the merits of the motion.

## II. NEGRETE'S FAILURE TO FILE WITH THE EEOC DOES NOT PREVENT THE COURT FROM HAVING SUBJECT-MATTER JURISDICTION TO HEAR HIS 42 U.S.C. § 1981 CLAIM.

Maloof Distributing contends that plaintiffs would prefer to recover under § 1981 to avoid the statutory damages cap and limited time for backpay applicable to Title VII claims, but that Negrete lacks the factual support to be entitled to § 1981 remedies. See Defendant's Reply at 4-5. Maloof Distributing argues that failure to plead a case under § 1981 makes this action one sounding in Title VII, not § 1981. See id. at 2-5. Maloof Distributing contends that Negrete's Complaint, as plead, is jurisdictionally defective because the facts used to support his claim under 42 U.S.C. § 1981 are insufficient and only support a claim under Title VII. See id.

Maloof Distributing argues that the Court lacks jurisdiction over Negrete's Complaint, because Negrete failed to exhaust administrative remedies as required to maintain an action under Title VII. See id. at 3-4. In sum, Maloof Distributing maintains that Negrete is attempting to assert a § 1981 claim using Title VII facts.

Negrete, as the plaintiff in this case, has control over his cause of action. If he wants to bring a § 1981 claim, he is entitled to try; if he does not want to bring a Title VII claim, Maloof Distributing cannot force him to do so. Negrete, not Maloof Distributing, is the captain of his Complaint. See Wells v. City of Alexandria, 178 Fed. Appx. 430, 433 (5th Cir. 2006)(stating that the plaintiff is the "master of his complaint."); BP Chem., Ltd. v. Jiangsu Sopo Corp., 285 F.3d 677, 685 (8th Cir.

9

2002)(holding that the plaintiff controls what the complaint contains).

Negrete is not bringing a claim under Title VII. Instead, Negrete brings his claim under 42 U.S.C. § 1981. To the extent that Maloof Distributing is contending that there are necessary exhaustion prerequisites to filing a § 1981 complaint, and that Negrete's failure to exhaust his administrative remedies prevents the Court from having subject-matter jurisdiction, Congress has not required Negrete to exhaust his administrative remedies before bringing his civil rights action under § 1981. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-14 (2002); Keller v. Prince George's County, 827 F.2d at 956-57. Negrete is thus not required to exhaust administrative remedies available under Title VII because he brings this action under 42 U.S.C. § 1981.

### III.     NEGRETE HAS SUFFICIENTLY PLED THE ELEMENTS OF § 1981 CLAIM.

The second layer of Maloof Distributing's rule 12(b)(1) motion, while closely related to its argument that Negrete is really bringing a Title VII action, is more in the nature of a rule 12(b)(6) motion. Maloof Distributing argues that, for Negrete to maintain his action, he must sufficiently plead the required elements to establish a case of racial discrimination under § 1981. See Defendant's Reply at 2-3. Maloof Distributing argues that Negrete has failed to plead all the elements of a racial termination suit, arising out of a contract that was being satisfactorily performed, under 42 U.S.C. § 1981 and, thus, should not be allowed to avoid exhaustion of administrative remedies, nor be allowed to gain the benefits of § 1981 remedies merely by citing § 1981 in his complaint for relief. See id. at 2-5.

To make this argument, Maloof Distributing turns to McDonnell Douglas, and contends that Negrete has not meticulously touched all the bases of a prima facie case in his Complaint. Maloof Distributing contends that Negrete failed to plead a prima facie case of racial discrimination. See id.

at 2-3.  Negrete has plead that: (i) he is a Hispanic male; (ii) his employer terminated him for alleged theft; (iii) his employer had him arrested; (iv) he was exonerated of the theft charges; (v) Maloof Distributing contended that Negrete stole beer because he did not have an invoice; and (vi) white Maloof Distributing employees had delivered beer in the past without invoices.  See Complaint ¶¶ 1, 5, 12, 13, 17, at 1-4.

Maloof Distributing contends that Negrete does not assert the second prong that McDonnell Douglas Corp. v. Green and Salguero v. City of Clovis require – "that he was qualified and satisfactorily performing his job."  411 U.S. at 802; 366 F.3d at 1175.  See Defendant's Reply at 3.  Negrete pleads only that he was "at all times qualified to perform his position for Defendant."  Complaint ¶ 25, at 5.  Maloof Distributing maintains that nowhere in Negrete's Complaint does he assert that he was satisfactorily performing his job at the time he was terminated.  See Defendant's Reply at 3.

Maloof Distributing argues that Negrete's allegations meet only the elements required to be established under a Title VII racial discrimination claim of termination.  See Defendant's Reply at 2-3.  Maloof Distributing contends that the distinction between being merely qualified for a job in the Title VII context, and being qualified for a job and performing such job satisfactorily, as a § 1981 claim requires, is essential.  See id.  Maloof Distributing maintains that Negrete does not plead the necessary factor because he lacks the ability to make any assertion that he was satisfactorily performing his job and because he was terminated based on allegations of theft.  See id.  Maloof Distributing, therefore, maintains that the Court should not allow Negrete's action to proceed under the guise of a § 1981 action, which emanates from the right to make and enforce employment contracts.  See id. at 4-5.  Maloof Distributing asserts that Negrete's Complaint, and its factual allegations, have established only

11

the elements to support a prima facie case under Title VII. See id. at 2-5. Maloof Distributing argues that the Court should treat Negrete's complaint as an attempt to disguise what is merely an accusation of discrimination under Title VII for which Negrete failed to exhaust his administrative remedies: "Plaintiff's failure to include and plead the essential, distinguishing element as shown in Salguero makes Plaintiff's claim a Title VII action irrespective of whether the facts and claims for relief are couched as falling under § 1981." Defendant's Reply at 3.

There are three problems with Maloof Distributing's arguments. First, the Supreme Court has cautioned lower courts not to dismiss complaints for lack of federal question jurisdiction because a plaintiff fails to state a cause of action. See Baker v. Carr, 369 U.S. 186, 200 (1962); Bell v. Hood, 327 U.S. 678, 682 (1946). Accordingly, even if the Court were to decide that Negrete had not sufficiently pled a § 1981 cause of action, it would not grant Maloof Distributing's motion to dismiss for lack of jurisdiction.

Second, Maloof Distributing confuses the McDonnell Douglas test, which is used when burden shifting is relevant to deciding motions for summary judgement, with the standards that govern the determination of 12(b)(6) motions. For a rule 12(b)(6) motion, a plaintiff must state the essential elements that he or she must prove at trial, not the prima facie elements for McDonnell Douglas, which, nevertheless, are the same for § 1981 and Title VII actions. See Swierkiewicz v. Sorema N.A., 534 U.S. at 511-14.

Third, Negrete has set forth the elements of a cause of action for § 1981. Negrete alleges that (i) Maloof Distributing terminated his employment and that (ii) his status as a Hispanic was a determinative factor in Maloof Distributing's decision to do so. See Complaint ¶¶ 1, 12, 16, 17, 22, 24 at 1-5; Goodman v. Lukens Steel Co., 777 F.2d at 135; Third Circuit Instructions. These

allegations give Maloof Distributing fair notice of what Negrete's claims are and the grounds upon which they rest. See Swierkiewicz v. Sorema N.A., 534 U.S. at 514. Additionally, they state a claim upon which relief could be granted under § 1981. See id.

The Court will not dismiss Negrete's § 1981 claim.

## IV. THE COURT WILL NOT DECLINE, AT THIS TIME, TO ASSERT SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(c).

Maloof Distributing's argument requesting denial of supplemental jurisdiction is moot. It is true that Negrete's Complaint does not satisfy the requirements of 28 U.S.C. § 1332, and that there is no complete diversity of citizenship. Because Negrete has a right, however, to bring a § 1981 claim without exhausting administrative remedies available under Title VII, Maloof Distributing's request that the Court decline supplemental jurisdiction is moot. The Court will deny Maloof Distributing's request.

The Court will let Negrete's Count I remain. Negrete's Count I vests the Court with original jurisdiction. Negrete's two state-law counts emanate from the same factual allegations that give rise to Count I. Maloof Distributing has not given the Court good reason why it should decline to exercise supplemental jurisdiction over the state-law claims. Accordingly, the Court has original jurisdiction over a federal claim and supplemental jurisdiction over Counts II and III.

Maloof Distributing further argues that Negrete has failed to meet his burden to plead federal question jurisdiction for a claim arising under 42 U.S.C. § 1981. See Defendant's Reply at 5 n.1. Maloof Distributing appears to be making a technical argument: Negrete's complaint is jurisdictionally defective for failure to specifically invoke jurisdiction under the general federal question statute, 28 U.S.C. § 1331. See id. The law does not require, however, a plaintiff to cite the right jurisdictional

statute in the complaint.  See In re Mailman Steam Carpet Cleaning Corp., 196 F.3d at 5-6; Chasis v. Progress Mfg. Co., 382 F.2d at 776 (citing Romero v. Int'l Term. Operating Co., 358 U.S. at 359. A plaintiff must merely show, on the face of the complaint, that his or her complaint raises a federal question.  See id.

Negrete's Complaint sets forth the elements of a § 1981 claim and specifically mentions this federal statute. The face of the complaint, therefore, raises a federal question for the Court to decide. Negrete's complaint is not jurisdictionally defective.

## V.     THE COURT WILL NOT GRANT RULE 11 SANCTIONS AGAINST MALOOF DISTRIBUTING.

Negrete contends that Maloof Distributing's motion is frivolous and contrary to well-established law, and, thus, that the Court should impose attorney's fees as a sanction.  See Plaintiff's Memo in Opposition at 3.  Negrete argues that the Court should award him reasonable attorneys fees for having to respond to this motion.  See id.

Rule 11 requires that an attorney or the party sign every paper filed with the Court.  By his signature, the signer certifies that:

> To the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

Willy v. Coastal Corp., 503 U.S. 131, 135 n.1 (1992)(quoting Fed. Rule Civ. P. 11).  Although the Court must read the rule in light of concerns that it will "spawn satellite litigation and chill vigorous advocacy," the Court's interpretation must give effect to the rule's central goal of deterrence. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

Congress amended rule 11 in 1993 to provide a "safe harbor" period, which requires the party seeking rule 11 sanctions to wait twenty-one days from service before filing the motion with the court, allowing the filing party opportunity to withdraw or correct the challenged paper. See Fed. R. Civ. P. 11(c)(1)(A). Rule 11 also provides that a motion for sanctions be made separately from other motions and requests. See id.

Negrete did not comply with the strictures of rule 11 in moving for sanctions. The request for sanctions was not made apart from other motions and was not made after the requisite "safe harbor" period. The Court, therefore, need not address the appropriateness of Maloof Distributing's Motion to Dismiss to deny Negrete's request for sanctions.

**IT IS ORDERED** that the Defendant's Motion to Dismiss and the Plaintiff's request for an award of attorneys fees are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Eric D. Dixon
Attorney and Counselor at Law PA
Portales, New Mexico

    *Attorney for the Plaintiff*

Frederick M. Mower
Sanchez, Mowrer & Desiderio, P.C.
Albuquerque, New Mexico

    *Attorney for the Defendant*