IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE NEGRETE,

      Plaintiff,

vs.                                                                                                  No. CIV 06-0338 JB/LFG

MALOOF DISTRIBUTING L.L.C.,
A New Mexico Limited Liability Company,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Maloof Distributing, L.L.C.'s Motion for Protective Order, filed November 8, 2007 (Doc. 124). The Court held a hearing on the motion on November 28, 2007. The primary issue is whether the Court should enter an order prescribing the Plaintiff, Jose Negrete, from contacting any witness directly because Negrete allegedly made false representation to one of the victims. For reasons stated at the hearing, and for reasons consistent with those already stated, the Court will deny the motion for protective order.

## PROCEDURAL BACKGROUND

The deadline for discovery in this case was July 16, 2007. See Scheduling Order, at 1, filed May 2, 2007 (Doc. 27) ("This deadline shall be construed to require that discovery be completed on or before the above date.")(emphasis in the original). On September 17, 2007, Negrete identified John Franco and three other persons as witnesses: Eddie Montoya, Randy Rodriguez, and Edmund Opoza. See Plaintiff's Witness and Exhibit List at 2, filed September 17, 2007 (Doc. 69); Pretrial Order at 22, filed November 6, 2007 (Doc. 122).

On October 2, 2007, Maloof Distributing moved to strike the affidavit of one of the

previously undisclosed witnesses, Eddie Montoya, from Negrete's Response to its motion for summary judgment and asked the Court to prohibit the testimony of four potential witnesses. See Defendant Maloof Distributing, L.L.C.'s Motion to Strike ("Maloof Distributing's motion to strike"), filed Oct. 2, 2007 (Doc. 114). Maloof Distributing objected to Negrete's Witness and Exhibit list that he filed identifying the four previously undisclosed witnesses. See id. ¶ 8, at 2; Plaintiff's Witness and Exhibit List, at 2-3, filed Sept. 17, 2007 (Doc. 69). Maloof Distributing also argued that Negrete made new allegations of hostile-work environment which he had not previously plead. See Maloof Distributing's motion to strike ¶ 9, at 2; Negrete's Response, at 4, 6, 11, 13, 18-21, 33-36. Maloof Distributing's counsel represented that he attempted to obtain Negrete's position on this motion via email and telephone, but was unable to do so. See Maloof Distributing's motion to strike ¶ 10, at 2. Maloof Distributing also filed a memorandum in support of its motion to strike. See Defendant Maloof Distributing, L.L.C.'s Memorandum in Support of its Motion to Strike ("Maloof Distributing's motion to strike memo."), filed Oct. 2, 2007 (Doc. 114-2).

Paragraph 3 of Maloof Distributing's motion to strike stated: "The deposition of one of these witnesses had been scheduled prior to the expiration of the deadline, however, the witness asked to reschedule the deposition. The second witness, Joe Samuels had been identified, however, [he] could not be located by either party until August of 2007." Maloof Distributing's motion to strike ¶ 3, at 1. Paragraph 8 of Maloof Distributing's motion to strike stated: "Plaintiff filed a Witness and Exhibit List identifying four (4) previously undisclosed witnesses; namely John Franco, Eddie Montoya, Randy Rodriguez, and Edmund Opoza." Maloof Distributing motion to strike ¶ 8, at 2. Paragraph 9 of Maloof Distributing's motion to strike stated: "In support of his opposition to Defendant's Motion for Summary Judgment, Plaintiff made new allegation of hostile work environment, not previously plead[.]" Maloof Distributing's motion to strike ¶ 9, at 2.

Negrete responded to Maloof Distributing's motion to strike on October 8, 2007. See Plaintiff Jose Negrete's Response to "Defendant Maloof Distributing, L.L.C.'s Motion to Strike" (Negrete's Response to motion to strike"), filed Oct. 8, 2007 (Doc. 115). Negrete admitted that Maloof Distributing's allegations contained within paragraphs 1-7, 10, and 11 of its motion to strike were true. See Negrete's Response to motion to strike ¶ 1, at 1. Negrete admitted most of paragraph 3 of Maloof Distributing's motion to strike, but argued that he provided the address for Joe Samuel in July of 2007. See Negrete's Response to motion to strike ¶ 2, at 1. Negrete also admitted paragraph 8 of Maloof Distributing's motion to strike, but argued that he provided the names of Montoya and Rodriguez before Maloof Distributing took Samuels' deposition on August 31, 2007. See Negrete's Response to motion to strike ¶ 3, at 1. He argued that Maloof Distributing had an opportunity to depose Montoya and Rodriguez, but failed to do so. See id. Negrete contended that Franco was one of Maloof Distributing's Roswell warehouse employees and, therefore, was well known to Maloof Distributing. See id. Negrete also contended that Opoza gave a statement to Clovis Police on behalf of Maloof Distributing on December 17, 2004, and is a current Maloof Distributing employee. See id. Negrete denied the allegations contained in paragraph 9 of Maloof Distributing's motion to strike. See id. ¶ 4, at 2.

Negrete contended that he "alleged hostile work environment in paragraph 16, 17, and 24 [of the Complaint] and the Initial Joint Status Report and Provisional Discovery Plan." Id. Negrete argued that "the issue of racial discrimination in the work place was plead several times so as to put the Defendant on notice." Plaintiff's Response Memorandum to "Defendant Maloof Distributing, L.L.C.'s Motion to Strike" ("Negrete's Response Memo."), filed Oct. 8, 2007 (Doc. 116). Negrete contended that, because Lopez, Samuels, and he all testified regarding the discriminatory environment at Maloof Distributing during their depositions, substantial discovery has occurred

regarding hostile-work environment. See id. at 6-7.

On November 14, 2007, the Court granted in part and denied in part Maloof Distributing's Motion to Strike. See Memorandum Opinion and Order, at 34, filed November 14, 2007 (Doc. 125). The Court did not strike Montoya's affidavit from Negrete's Response to Maloof Distributing's Motion for Summary Judgment. See id. The Court did not prohibit Montoya, Franco, Rodriguez, and Opoza from testifying at trial. See id. The Court permitted Maloof Distributing to take the depositions of Montoya, Franco, Rodriguez, and Opoza. See id. The Court also declined to permit Negrete to raise a new claim of hostile-work environment at trial or amend his complaint to include it. See id.

Maloof Distributing contends that Negrete's counsel contacted Franco during September, 2007. See Motion at 1. It is also undisputed that, on November 1, 2007, Negrete contacted Franco. See Maloof Distributing Memo., Exhibit B, Affidavit of John Franco ¶ 1, at 1 (executed November 5, 2007) ("Franco Aff."); Plaintiff Jose Negrete's Response to "Defendant Maloof Distributing, L.L.C.'s Motion for Protective Order" ("Response to Motion"), filed November 21, 2007 (Doc. 135). Franco represents that Negrete told him that Robert Leyva, a current Maloof Distributing employee, was making derogatory comments about Franco's personal life which are highly embarrassing. See Franco Aff. ¶ 3, at 1. Franco further represents that Negrete told him Maloof Distributing was speaking badly about Franco in court, and informing the Court that Franco was a drug addict and that it did not want Franco's testimony. See Franco Aff. ¶ 4, at 1.

Franco states that he called Leyva to verify the information Negrete gave him, and Leyva assured him Maloof Distributing had not said anything about him. See Franco Aff. ¶ 5, at 1. Levya represents that Franco told him Negrete accused Leyva of telling people Franco was a drug user. See Maloof Distributing Memo., Exhibit C, Affidavit of Robert Leyva ¶ 5, at 1 (taken November

8, 2007)("Leyva Aff."). Leyva told Franco he had not made any such statements and gave Franco Mr. Mower's telephone number. See Leyva Aff. ¶¶ 7, 8, at 1. Franco further represents that he contacted Maloof Distributing's counsel, Frederick Mower, to ask whether derogatory comments had been made about him by Maloof Distributing employees, especially in front of the Court, and Mr. Mower assured him nothing had been said about him by Mr. Mower or anyone from Maloof Distributing in court. See Franco Aff. ¶ 6, at 2.

Negrete's counsel, Eric Dixon, denies speaking directly with Franco. See Plaintiff Jose Negrete's Response Memorandum in Opposition to "Defendant Maloof Distributing, L.L.C.'s Memorandum in Support of its Motion for Protective Order ("Response to Memo.") at 1, filed November 21, 2007 (Doc. 136). Negrete contends that his counsel, Mr. Dixon, left messages for Franco on his answering machine, asking him to call Mr. Dixon. See Response to Memo at 1. Negrete contends that Mr. Dixon explained only that Franco was being subpoenaed in relation to his time as a warehouse person in Roswell, New Mexico, relating to uninvoiced beer being put on trucks. See id. Negrete represents that Franco did not return Mr. Dixon's telephone calls. See id. Negrete also believes that Franco has not returned Mr. Mower's calls. See id. at 1-2.

Negrete states that Franco has now been subpoenaed to appear on December 4, 2007, at 1:00 p.m. in the United States District Court in Roswell, New Mexico to testify for him. See id. at 2. Negrete represents that he and his counsel do not intend to contact Franco before trial. See id. Negrete contends the issues that Maloof Distributing raised in its Motion are moot because Negrete has ascertained Franco's address and does not intend any further contact with Franco. See id.

> Negrete represents that when he contacted Franco on November 1, 2007, Franco
>
> volunteered that how he could he [sic] come to court and testify that he had seen Bill James grab his testicles and said 'this is for you Mexican when he lived in Roswell not Clovis. [Negrete] asked him who was saying this, and he volunteered "the

>Company's lawyers." [Negrete] said this was not what [he] wanted him to come to court to testify about. [Negrete] wanted him to come testify about the shipping policies of the Maloof warehouse in Roswell. That is, beer was shipped without an invoice on any number of occasions.

Response to Motion, Affidavit of Jose Negrete ("Negrete Aff.") ¶ 3, at 1 (taken November 15, 2007). Negrete denies telling Franco that Leyva was making derogatory comments about Franco's personal life. See Negrete Aff. ¶ 4, at 1. Negrete represents that he informed Franco that Maloof Distributing told him and Mr. Dixon that Franco had been fired because of a positive drug test. See Negrete Aff. ¶ 4, at 2.

Negrete denies attempting to intimidate or embarrass Franco during his November 1, 2007 conversation with him. See Negrete Aff. ¶ 4, at 2. Negrete represents that Franco did not tell him that his "tactics" were "offensive." Negrete Aff. ¶ 5, at 2. Moreover, Negrete's counsel has instructed Negrete not to talk to Franco before trial. See Tr. at 6:25-7:1 (Dixon).

On November 8, 2007, Maloof Distributing filed a motion for a protective order. See Defendant Maloof Distributing, L.L.C.'s Motion for Protective Order ("Motion"), filed Nov. 8, 2007 (Doc. 124). Maloof Distributing requests that the Court prohibit Negrete from contacting any witness directly and asks for the costs of filing its Motion. See Motion at 2. Maloof Distributing contends that a protective order is necessary to protect Franco from Negrete's inflammatory and prejudicial conduct. See Defendant Maloof Distributing, L.L.C.'s Memorandum in Support of its Motion for Protective Order ("Maloof Distributing Memo"), filed Nov. 8, 2007 (Doc. 124-2).

The Court held a hearing on this motion on November 28, 2007. Maloof Distributing contended that it had no basis to know to what Franco may testify at trial, because Franco was never

deposed. See Transcript of Hearing (taken November 28, 2007)("Tr.") at 5:22-25 (Mower).[1] Maloof Distributing conceded that it never attempted to depose Franco, because the parties have been fairly informal with depositions. See Tr. at 7:10-22 (Court & Mower). Negrete indicated he would have no problem with Maloof Distributing taking a last minute deposition of Franco or taking a break during trial for Maloof Distributing to talk to Franco. See Tr. at 9:4-7 (Dixon).

## ANALYSIS

There appears to be some dispute about what Negrete said to Franco. There are genuine issues of material fact and what may appear to one side to be misrepresentation and may simply be the other side's version of the dispute. Moreover, the Court is reluctant to interfere too much with trial preparation. The Court believes the engine of cross examination will prevent any abuses more effectively than the Court precluding Negrete from talking to witnesses.

**IT IS ORDERED** that Defendant Maloof Distributing, L.L.C.'s Motion for Protective Order is denied. If John Franco appears to testify at trial, the Court will entertain a request from Maloof Distributing to depose him before he takes the stand or to take a short break during trial so that Maloof Distributing can speak with Franco.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Eric D. Dixon
Attorney and Counselor at Law, P.A.
Portales, New Mexico

    *Attorney for the Plaintiff*

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Frederick M. Mower
Sanchez, Mowrer & Desiderio, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*