IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE NEGRETE,

       Plaintiff,

vs.                                                                    No. CIV 06-0338 JB/CEG

MALOOF DISTRIBUTING, L.L.C.,
A New Mexico Limited Liability Company,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Objections to Plaintiff's Proposed Voir Dire Questions, filed November 28, 2007 (Doc. 147). The primary issue is whether Plaintiff Jose Negrete's proposed voir dire questions are argumentative, unsworn anecdotal evidence, lay and opinion testimony, prejudicial, and/or not supported by the evidence. Because the proposed voir dire falls within the range of acceptable voir dire, the Court will overrule the objections.

### PROCEDURAL BACKGROUND

On November 15, 2007, Plaintiff Jose Negrete filed his proposed voir dire questions. See Plaintiff Jose Negrete's Proposed Voir Dire Questions ("Negrete's original voir dire"), filed November 15, 2007 (Doc. 127). On November 26, 2007, Negrete filed his Amended Proposed Voir Dire Questions. See Plaintiff Jose Negrete's Amended Proposed Voir Dire Questions ("Negrete's amended voir dire"), filed November 26, 2007 (Doc. 142). Two days later, Defendant Maloof Distributing, L.L.C. filed its objections to Negrete's voir dire as highlighted on a copy of the Negrete's original voir dire questions attached to its objections. See Objections to Plaintiff's Proposed Voir Dire Questions ("Maloof Distributing's objections"), filed November 28, 2007 (Doc.

147).  Maloof Distributing contends that the highlighted questions are designed to elicit objectional statements and are otherwise objectional.  See id.  Maloof Distributing requests that the Court prohibit, or require Negrete to rephrase, highlighted portions of his proposed voir dire.  See id. at 2.

## ANALYSIS

While the Court can understand why Maloof Distributing might not want Negrete to ask some of the questions he proposes, the Court does not believe that his questions are improper.  The Court believes that the questions will provide valuable information, not argument from the venire.  The Court will therefore overrule all of Maloof Distributing's objections.

### 1. Question No. 2.

Maloof Distributing objects to the last sentence of Question No. 2.  The original Question No. 2 states in full: "Have you ever been in a situation where you are telling the truth, but no one believes you?  How did that make you feel?  I have been in such a situation and I would like to tell you about my experience."  See Negrete's original voir dire, at 1.  The Amended Question No. 2 states:

> Have you ever been in a situation where you are telling the truth, but no one believes you?  I would like to tell you about my experience where I was falsely accused of leaving the scene of an accident.  Does anyone have a similar situation they would like to share?  How did that make you feel?

Negrete's amended voir dire, at 1.  Maloof Distributing contends that these questions are designed to elicit unsworn anecdotal evidence.  See Maloof Distributing's objections ¶ 2, at 1.  Maloof Distributing argues that the personal experiences of Negrete's counsel, Eric Dixon, are not relevant and perhaps prejudicial.  See id.

When the prospective jurors answer these questions, they will be under oath, so the

statements will not be unsworn. Moreover, the jurors' statements are not evidence; the Court in both its preliminary jury instruction and its final instructions will tell the jurors what is evidence and what is not. Good voir dire is designed to get the prospective jurors talking, and if they tell anecdotes about themselves, that can be very revealing. The Court does not see anything wrong with Negrete's proposed questions.

It is true that, under rule 402 of the Federal Rules of Evidence, Mr. Dixon's personal experiences are not relevant. But most of what is said by jurors in voir dire is not relevant. On the other hand, a lawyer telling a revealing story about himself may put the prospective jurors at ease and facilitate their answering difficult questions. Moreover, Maloof Distributing does not explain how the questions are unfairly prejudicial, and the Court does not see any unfair prejudice from this line of questions. The Court will therefore overrule Maloof Distributing's objection to Question No. 2.

**2.      Question No. 9.**

Question No. 9 states:

> I had never met a Hispanic person before moving to eastern New Mexico. Where I grew up and went to School there were no Hispanics. So it was a major difference to me to see Hispanics. I have heard many disparaging remarks about Hispanics and am embarrassed to say I have used these terms in the past. How many of you have ever heard disparaging remarks made about Hispanics. I am not trying to embarrass you but have you ever used such terms yourself? Do you feel that you can give my client a fair trial?

Negrete's original voir dire, at 2.  Amended Question No. 9 states:

> I had never met a Hispanic person before moving to eastern New Mexico in the 1980's. Where I grew up, and went to School in the mid-west, there were no Hispanics at the time. So it was a major change for me. I have heard many disparaging remarks about Hispanics and am embarrassed to say that I have used these terms in the past. How many of you have ever heard disparaging remarks made about Hispanics. I am not trying to embarrass you at all, but have you ever used or heard such terms? Do you feel that you can give my client a fair trial?

Negrete's amended voir dire, at 2.  Maloof Distributing raises two objections to Question No. 9.  See Maloof Distributing's objections ¶¶ 1, 2, at 1.  Maloof Distributing contends that these questions will elicit argument and unsworn anecdotal evidence.  See id.

The Court will reject Maloof Distributing's objection about unsworn anecdotal evidence for the same reasons that it rejected the same objection to Question No. 2.  Moreover, the Court does not believe Question No. 9 will elicit argument as much as personal information about the prospective jurors.  The questions are fair.  The Court will overrule the objections to Question No. 9.

### 3. Question No. 10.

Question No. 10 states: "Do you think that an employee such as Mr. Negrete should be subjected to verbal harassment in the work-place?  What do you think about laws that prevent such discrimination."  Negrete's original voir dire, at 2.  Amended Question No. 10 states: "Do you think that a Supervisor should stop racial comments directed against an employer?"  Negrete's amended voir dire, at 2-3.  Maloof Distributing raises three objections to Question No. 10.  See Maloof's objections ¶¶ 1, 3, 4, at 1. Maloof Distributing contends that the first sentence of original Question No. 10 is designed to elicit argument, and that both questions in original Question No. 10 are designed to elicit lay and opinion testimony, and prejudicial and argumentative answers.  See id.

The Court does not believe that the prospective jurors' answers will be argumentative, but will give their lay opinions.  Good voir dire often seeks to know the jurors' opinions about issues at trial.  Such opinions help the parties make informed for-cause and peremptory objections. Maloof Distributing does not explain how the elicited answers will be prejudicial, and the Court does not believe that the answers will be unfairly prejudicial.  The Court will overrule the objections to Question No. 10.

4.      **Question No. 12.**

Question No. 12 states: "Do any of you believe that just because someone is married to a Hispanic that they cannot discriminate or make disparaging remarks about Hispanics?" Negrete's original voir dire, at 3.  Amended Question No. 12 states: "Do you fell [sic] that just because someone is married to a Hispanic that they cannot discriminate or make disparaging remarks about Hispanics?" Negrete's amended voir dire, at 3.  Maloof Distributing objects to Question No. 12 because it is designed to solicit argument, and prejudicial and argumentative statements.  See Maloof objections ¶¶ 1, 4, at 1.

The Court will overrule the objections to Question No. 12 for the same reasons that it overruled the similar objections to Question Nos. 9 and 10.  The Court suspects that one of the witnesses who allegedly discriminated or made disparaging statements is married to an Hispanic.  Question No. 12 is relevant because it discusses a background fact that may be raised later in an effort to show lack of discriminatory intent.  The Court will therefore overrule the objections to Question No. 12.

5.      **Question No. 13.**

Question No. 13 states: "Mr. Negrete is going to ask this jury to award punitive damages against Maloof to punish it for its wrongdoing.  Does anyone have a problem awarding punitive damages if the evidence warrants awarding such money.  Is there a ceiling or cap that you would limit punitive damages to?" Negrete's original voir dire, at 3.  Amended Question No. 13 states:

> Mr. Negrete is going to ask this jury to award punitive damages against Maloof to punish it for its wrongdoing in excess of a million dollars.  Does anyone have a problem awarding punitive damages if the evidence warrants awarding such money.  Is there a ceiling or cap that you would limit punitive damages to?

Negrete's amended voir dire, at 3.  Maloof Distributing objects that Question No. 13 is designed to

elicit argument, and prejudicial and argumentative statements. See Maloof Distributing objections ¶¶ 1, 4, at 1. Maloof Distributing also objects that there is insufficient evidence to warrant Question No. 13. See id. ¶ 5, at 1.

The Court will overrule the argument and prejudice argument for the same reasons that it has overruled similar objections to Question Nos. 9, 10, and 12. The Court cannot determine at this stage of the proceedings how much evidence there is for punitive damages, but from what it knows about the case, there appears to be a good faith basis for the question. The Court will overrule the objections to Question No. 13.

### 6. Question No. 14.

Question No. 14 states: "We are going to ask the jury to award over a million dollars in punitive damages does anyone have a problem, if the evidence warrants granting Mr. Negrete a large amount of punitive damages?" Negrete's original voir dire, at 3. Amended Question No. 14 reads: "Have any of you ever had a son or daughter in the military and/or in the military over-seas?" Negrete's amended voir dire, at 3. Maloof Distributing raises the same objections to Question No. 14 that it raises to Question No. 13. See Maloof Distributing's objections ¶¶ 1, 4, 5, at 1.

The Court will overrule the objections to Question No. 14 for the same reasons that it overruled the objections to Question No. 13. These questions go to damages and are permissible. The Court will permit Negrete's counsel to probe the jury's thoughts on these issues.

**IT IS ORDERED** that the Objections to Plaintiff's Proposed Voir Dire Questions are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Eric D. Dixon
Attorney and Counselor at Law, P.A.
Portales, New Mexico

    *Attorney for the Plaintiff*

Frederick M. Mowrer
Sanchez, Mowrer & Desiderio, P.C.
Albuquerque, New Mexico

    *Attorney for the Defendant*